# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>**JEAN MICHALE GUERIN,**<br>      Debtor. | CHAPTER 7 PROCEEDING<br>NO. 18-10438-MLB |
| HYUNG-SIK HAROLD YOO and EUN-MI KIM YOO, individually and the marital community thereof,<br><br>      Creditors/Plaintiffs,<br><br>v.<br><br>MICHAEL MALONE, AKA JEAN MICHALE GUERIN,<br><br>      Debtor/Defendant. | ADVERSARY NO. _____<br><br>**COMPLAINT FOR DETERMINING DISCHARGEABILITY OF DEBT AND OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §523(a)(6) AND 727** |

## COMPLAINT

Creditors/Plaintiffs, Hyung-Sik Harold Yoo and Eun-Mi Kim Yoo, individually and the marital community thereof, respectfully allege the following:

## JURISDICTION AND VENUE

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **1** of **8**

PIVOTAL
LAW GROUP

IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

1. On February 1, 2018, Debtor filed a voluntary petition for Chapter 7 relief under Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington, under case number 18-10438-MLB.
2. On March 12, 2018, the Debtor's meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code. The date to object to Debtor's discharge or to determine dischargeability of a debt expires on May 11, 2018.
3. This is an adversary proceeding in which the Plaintiffs are objecting to the discharge under Bankruptcy Code §§ 727(a)(2), 727(a)(3), and 727(a)(4) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiffs under Bankruptcy Code § 523(a)(6).
4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.
5. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

**PARTIES**

6. Plaintiffs, Hyung-Sik Harold Yoo and Eun-Mi Kim Yoo are husband and wife and constituted a marital community under Washington state law at all relevant times. At all relevant times to this action, Plaintiffs resided in Whatcom and Snohomish Counties, Washington. Plaintiffs are judgment creditors of the Debtor.
7. Upon information and belief, Defendant Michael Malone, aka Jean Michael Guerin, is believed to have been a resident of Whatcom County, Washington at all times relevant to this action.

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **2** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

## FACTS

8. In September 2007, Plaintiffs purchased a 20 acre property in Custer, WA from Debtor for $315,000. Starting 2013, Plaintiffs suffered numerous vandalism, thefts, defamation, and other intentional malicious acts from Debtor, which Plaintiffs spent the last 3 years litigating.

### Defamation Lawsuit Regarding Termination from Boeing

9. In November 2015, Mr. Yoo was working as a Senior Stress Engineer at the Boeing Aircraft Company. On or about November 17, 2015, Debtor anonymously made a call to the Boeing Ethics Hotlines and said that he had been at the rifle range and heard "Harold Yoo was bringing a gun to work and would shoot people at Boeing if he gets laid off." That same day, Mr. Yoo was called into a conference room at work and searched for weapons. No weapons were found, but he was immediately terminated from employment and escorted off the Boeing property by security.

10. The next day, Debtor admitted to Mr. Yoo that he was the one that called Boeing and he knew the information he reported was false.

11. Plaintiffs filed a lawsuit against Debtor on July 16, 2016 in Whatcom County Superior Court under Cause No. 16-2-01164-7. *See Complaint for Damages attached as Exhibit 1*. Plaintiffs asserted seven causes of action: (1) Defamation; (2) Defamation Per Se; (3) False Light; (4) Outrage; (5) Intentional Infliction of Emotional Distress; (6) Tortious Interference with Business Expectancy; and (7) Negligence.

12. On November 21, 2017, Plaintiffs' motion for summary judgment was granted for the claims of Defamation and Tortious Interference with Business Expectancy. *See November 21, 2017*

*Complaint for Determining Dischargeability
of Debt and Objecting to Discharge Pursuant
to 11 U.S.C. §523(A)(6) and 727*
Page **3** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

*Summary Judgment Order attached as Exhibit 2*. The Court entered a judgment against Debtor in the amount of $2,200,506.62. *See Judgment attached as Exhibit 3*. There have been no rulings on the remaining five claims. They remain unresolved and pending before the trial court.

**Other Civil Judgments Obtained Against Debtor**

13. Plaintiffs pursued a number of other civil lawsuits against Debtor. The four court decisions awarding money judgments to Plaintiffs are as the follows:

   1) **July 26, 2016** – Whatcom County District Court Cause No. AH16-71, $1,417.80, Judgement for attorney fees and costs related to Harassment Order of Protection.

   2) **September 23, 2016** – Whatcom County Superior Court Cause No. 16-2-01176-1, $3,370.00, Judgement Summary and Judgement for attorney's fees and costs relating to Debtor placing frivolous liens against Plaintiffs' property.

   3) **October 6, 2016** – Whatcom County District Court Cause No. AH16-71, $1,100.00, Attorney fees owed for Contempt of Court's July 26, 2016 Order of Protection by using Plaintiffs' address in court pleadings.

   4) **October 13, 2016** – Whatcom County Superior Court Cause No. 16-2-01164-7, $1,000.00, Judgement Summary and Judgement for attorneys' fees.

**Debtor's Previous Bankruptcy**

14. On June 26, 2017, Debtor filed for Chapter 13 Bankruptcy under Cause No. 17-12860-MLB). Upon the Chapter 13 Trustee's Motion to Dismiss, the case was dismissed on

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **4** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

November 2, 2017 because of Objections to Confirmation filed by the Chapter 13 Trustee (ECF No. 17) and U.S. Bank (ECF No. 20) were not resolved.

**Undisclosed Assets in Debtor's Current Bankruptcy**

15. On February 1, 2018, Debtor filed for Chapter 7 Bankruptcy under Cause No. 18-10438-MLB. Upon information and belief, Debtor did not list all assets. For example, Plaintiffs believe Debtor owns real property commonly known as 1846 Emerald Lake Way, Bellingham, WA 98226, with legal description:

> **LOTS 25 AND 26, PLAT OF EMERALD LAKE, WHATCOM COUNTY, WASHINGTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 8 OF PLATS, PAGE 95, RECORDS OF WHATCOM COUNTY, WASHINGTON.**
> **SITUATE IN WHATCOM COUNTY, WASHINGTON.**
> **LOTS 25 & 26, PLAT OF EMERALD LAKE**
> **APN#: 380314 147523 0000 PID 57646**

16. Debtor also did not list the Peoples Bank loan (Loan #7012780) of $235,000.00. *See attached Exhibit 4 Deed of Trust Recorded under No. 2017-1102639.*

17. Upon information and believe, Debtor has rental income of $1,600.00 per month from tenant Vonna Lea Rushing, for an un-permitted illegally built 4 bedroom rental property at 4058 Birch Bay Lynden Road, Custer, WA 98240. The tenants moved into this property on February 11, 2018. Mr. Yoo personally met with the tenants. This rental property is connected to what is believed to be an unauthorized connection to water and septic system. Debtor is connected to Plaintiffs' septic system without their permission. Chapter 7 Trustee, Michael Klein, is currently investigating issues relating to this property and is believed to have verified unpermitted buildings and unlawful connections to septic and water systems that do not belong to Debtor.



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

18. Debtor is believed to be hiding other real estate and other assets under Michael J Malone and other unknown names.

## CAUSES OF ACTION

1. **Non-dischargeability of Plaintiffs' Judgement Under Section 523(a)(6) of the Bankruptcy Code**

19. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 18 of this Complaint. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

20. All or part of the debt owed to Plaintiffs, as evidenced by the Judgments entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

2. **Objection to Debtor's Discharge Under Section 727(a)(2) of the Bankruptcy Code**

21. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 20 of this Complaint. Bankruptcy Code § 727(a)(2) provides, in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless —
>
> . . .

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **6** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

(A) property of the debtor, within one year before the date of the filing of the petition, or

(B) property of the estate, after the date of the filing of the petition; . . . .

22. Debtor has placed property under aliases and has concealed or transferred property.

**3. Objection to Debtor's Discharge Under Section 727(a)(3) of the Bankruptcy Code**

23. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 22 of this Complaint. Bankruptcy Code § 727(a)(3) provides, in relevant part, that:

(a) The court shall grant the debtor a discharge, unless —

. . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case ….

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **7** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com

24. Upon information and belief, Debtor has recorded properties in other names and has concealed assets from creditors.

**4. Objection to Debtor's Discharge Under Section 727(a)(4) of the Bankruptcy Code**

25. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 24 of this Complaint. Bankruptcy Code § 727(a)(3) provides, in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless —
>
> . . .
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> (A) made a false oath or account;

26. Debtor did not list all his assets, debts, and income on his petition. He knowingly made declarations under penalty of perjury that he was disclosing all of this information.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment determining that the debt reflected in the Judgments entered in favor of Plaintiffs against the Debtor, are non-dischargeable under Bankruptcy 523(a)6), deny Debtor's discharge under Bankruptcy Code § § 727(a)(2), 727(a)(3) and 727(a)(4)(A), and grant Plaintiffs' such other and further relief as this Court may deem just and proper.

DATE: May 8, 2018

                              */s/Kim Sandher*
                              Kim Sandher, WSBA No. 42630
                              Pivotal Law Group, PLLC
                              Attorney for Creditors/Plaintiffs

*Complaint for Determining Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §523(A)(6) and 727*
Page **8** of **8**



IBM Building, Suite 1217
1200 5th Avenue, Seattle, WA 98101
phone 206-340-2008 | fax 206-340-1962
www.PivotalLawGroup.com