| | |
|---|---|
| Marc S. Stern | Honorable Marc Barreca |
| 1825 NW 65th Street | Chapter 7 |
| Seattle, WA 98117 | Location: Marysville |
| (206) 448-7996 | Hearing Date: October 10, 2018 |
| marc@hutzbah.com | Hearing Time: 10:00 a.m. |
| | Response Date: October 3, 2018 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>Jean Michale Guerin<br><br>      Debtor. | No. 18-10438-MLB |
| HYUNG-SIK HAROLD YOO and EUN-MI KIM YOO, individually and the marital community thereof,<br><br>      Creditors/Plaintiffs,<br><br>v.<br><br>MICHAEL MALONE, AKA JEAN MICHALE GUERIN,<br><br>      Debtor/Defendant. | Adv. No. 18-01051-MLB<br><br>DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT OF DISMISSAL |

Defendant, by and through counsel Marc S. Stern, moves the court, pursuant to Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 12(c)), for judgment on the pleadings, and pursuant to Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56), for summary judgment of dismissal. This motion is based upon the files and records herein and the Declaration of

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL   - 1
SJ2 Motion+Brief.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 1 of 15

Michale Guerin, the Declaration of Custodian of Records, and the Declaration of Marc S. Stern filed herewith.

## I. FACTS APPLICABLE TO MOTION

1. The docket shows that the Complaint (Dkt. No. 1) in this matter was filed on May 8, 2018, and Defendant's Answer to Complaint (Dkt. No. 5) was filed on June 6, 2018. Plaintiff has not replied to the Answer and Counterclaims.

2. The Complaint fails to allege, with particularity, any of the transfers or other actions that mandate denial of discharge pursuant to 11 U.S.C. § 727 ("§ 727"). The two exceptions are: (i) ownership of real property; and (ii) income from real property.

3. The alleged ownership of real property was removed from the case in the first Motion for Partial Summary Judgment (Dkt. No. 9).

4. When the debtor filed this bankruptcy and schedules, he filed Schedule G, Executory Contracts (18-10438-MLB; Dkt. No. 1, p. 32) ("Schedule G"). Schedule G listed a residential lease on Lot 1. The debtor was the landlord. Vonna L. Rushing was listed as the tenant on Lot 1. The lease was clearly disclosed.

5. On the Statement of Current Monthly Income (18-10438-MLB; Dkt. No. 1, p. 48; Dkt. No. 8, p. 1) ("Statement of Current Monthly Income") $16.67 is listed as income from real property. This is clearly a clerical error because the debtor told counsel that he received $1,600 from a temporary rental of the Lot 1. Declaration of Marc S. Stern filed herewith.

6. The $1,600 entered on the Statement of Current Monthly Income, at some point converted to $16.67, and the error went unnoticed when the documents were proofread.

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL     - 2
SJ2 Motion+Brief.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 2 of 15

7. Plaintiff claims his employment at Boeing was destroyed by Mr. Guerin's actions in 2015.

8. I obtained a Declaration of Custodian of Records from Alexis Johnson, Employee Data Management Specialist, HR Operations, at The Boeing Company. Ms. Johnson's declaration that states: "[W]e were unsuccessful in locating the personnel files on Hyung-Sik Harold Yoo." Included with the declaration was a copy of Mr. Yoo's Work History.[1] A copy of the Declaration of Custodian of Records, with the Work History ("Boeing Work History"), is attached hereto as **Exhibit 1** ("Decl. of Records Custodian"). Contrary to Mr. Yoo's assertions, his Boeing Work History indicates that his employment was terminated in 1996 and that he is eligible for rehire.

9. Whatever Mr. Guerin may or may not have done, it is impossible for his actions to have had any effect on Mr. Yoo's employment at Boeing, they clearly do not give rise to nondischargeable debts.

## II. ISSUES PRESENTED

1. When the Complaint is defective because it does not plead fraud plausibly or with particularity as required by Fed. R. Bankr. P. 7009 (incorporating Fed. R. Civ. P. 9(b)) ("Rule 9(b)"), should the case be dismissed?

---

[1] This is the same Work History included with the letter from Jennifer Sweeny (Exhibit 2 to Declaration of Marc S. Stern filed herewith).

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL - 3
SJ2 Motion+Brief.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

2. When the debtor schedules the existence of a residential lease on Schedule G and lists income from the lease on the Statement of Current Monthly Income, is a clerical error of a misplaced decimal point sufficient reason to deny his discharge pursuant to § 727?

3. Is the debtor's failure to sufficiently proofread his schedules a basis to deny a discharge when the basic information was provided and is scheduled? Is it material?

4. Can Plaintiffs show a wilful and malicious injury causing Mr. Yoo's alleged termination from Boeing when Mr. Yoo's Boeing Work History shows that he voluntarily terminated his employment in 1996, twenty-two years before the alleged actions?

### III. LEGAL ARGUMENT

The standards applicable to granting Summary Judgment are set forth in Defendant's Motion for Partial Summary Judgment (Dkt. No. 9) ("First Summary Judgment Motion") and are incorporated herein by reference.

1. <u>The Pleadings, Taken as a Whole, Do Not Plead Sufficient Facts upon Which Relief Can Be Granted and Defendant Is Entitled to Judgment as a Matter of Law.</u>

The Complaint fails to set forth sufficient facts to support any claim for denial of discharge. A pleading that offers nothing more than "threadbare recitals of a cause of action's elements, without supporting factual allegations, will not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (*citing Twombly,* 550 U.S. at 555, 127 S.Ct.1955), *In re Henderson* 423 B.R. 598, 612 (Bkrtcy. N.D.N.Y., 2010).

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL    - 4
SJ2 Motion+Brief.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 4 of 15

An Answer to the Complaint has been filed. This is not a motion pursuant to Fed. R. Civ. P. 12(b). It is a motion for Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) that provides:

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.

Since Defendant's Answer (Dkt. No. 5) was filed on June 6, 2018, and more than 21 days have passed, Plaintiffs have no automatic right to amend their Complaint. Fed. R. Civ. P. 15(a).

Only the threadbare references to the elements are present. Actions seeking denial of discharge pursuant to § 727 require Plaintiffs to comply with the pleading requirements of Rule 9(b). *In re Bowman*, 173 B.R. 922, 924 (B.A.P. 9th Cir. 1994).

The Complaint makes nebulous allegations regarding transfers that are not specified as required by Rule 9(b). It was only in response to Defendant's First Summary Judgment Motion that Plaintiffs made even an attempt to detail any of the alleged transactions which they believe warrant denial of discharge. Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment (Dkt. No. 10) alleges numerous transfers but specifies none. Rule 9(b) requires that fraud must be pled with particularity. A complaint for fraud, or that sounds in fraud, must be so pleaded. Each factual element must be pleaded with specificity and plausibility. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009).

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL     - 5
SJ2 Motion+Brief.wpd

**MARC S. STERN**
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
**(206)448-7996**

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 5 of 15

In order to comply with the requirements of Rule 9(b), each of the facts showing the misrepresentation must be set forth in detail. The court in *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010), addressed this particular issue holding:

> [I]n alleging fraud or mistake, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). In addition, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc)).

*Ebeid* was amplified by *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011):

> Until now, we have not had occasion explicitly to confirm that *Iqbal*'s plausibility requirement applies to claims subject to Rule 9(b). We have, however, said that complaints alleging fraud must comply with both [Federal Rules of Civil Procedure] 8(a) *and* 9(b)." *Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir.2007) (en banc). Because Rule 8(a) requires the pleading of a plausible claim, *Iqbal,* 129 S.Ct. at 1949–50, we hold that claims of fraud or mistake—including FCA claims—must, in addition to pleading with particularity, also plead plausible allegations.

Here, the Complaint is sadly lacking in any of these requirements. In this case, the Complaint does not allege any specific transfer. It does not allege that the transfers were for an unlawful purpose, and does not allege, with particularity, an improper purpose. We can all agree that since Plaintiff is a creditor in this bankruptcy, he sustained some loss; however, the

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL    - 6
SJ2 Motion+Brief.wpd

**Marc S. Stern**
**Attorney at Law**
**1825 NW 65th Street**
**Seattle, WA 98117**
**(206)448-7996**

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 6 of 15

Complaint sets forth no facts with specificity to show that any of the elements necessary are present.

2. <u>Summary Judgment Dismissing the § 727 Claims Is Appropriate.</u>

There were only two items pleaded with sufficient specificity to deny discharge pursuant to § 727. The first of these concerned the debtor's ownership of a parcel of property in Whatcom County, commonly referred to in this litigation as "the Malone Property." This issue was dealt with in the First Summary Judgment Motion.

The other item pleaded with particularity is an alleged $1,600 in income not listed on the debtor's schedules. The income from the residential lease was disclosed on the original schedules. The debtor's original schedules referred to the residential lease in at least three different places, the most important one being Schedule G, Executory Contracts (Dkt. No. 1, p. 32).

The Statement of Current Monthly Income lists income of $16.67. Clearly this is a clerical error. Apparently a decimal point got added when none was intended, and no one noticed the error. The debtor admits the amount is wrong, and the correct amount should be $533. Debtor's counsel understood the amount to be $1,600 and did not realize that the debtor obtained first and last month's rent for a total of $3,200. The entire $3,200 needs to be amortized over the 6-month look back period. This calculation results in $533 per month.

3. <u>The Failure to Incorrectly Identify Two Months of Rent Was Neither Intentional Nor Material.</u>

The court in *In re Maxey*, 410 B.R. 854. 869 (Bkrtcy. W.D.Mo. 2009), found:

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL      - 7
SJ2 Motion+Brief.wpd

**MARC S. STERN**
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 7 of 15

> In order to deny a discharge to a debtor under § 727(a)(4)(A), the plaintiff must establish that: (1) debtor knowingly and fraudulently; (2) in or in connection with the case; (3) made a false oath or account; (4) regarding a material matter. *Korte v. United States of America Internal Revenue Serv. (In re Korte),* 262 B.R. 464, 474 (8th Cir. BAP 2001).

In the Ninth Circuit, *In re Wills,* 243 B.R. 58 (9th Cir. BAP 1999), the court reached a similar result:

> A false statement or omission that has no impact on a bankruptcy case is not grounds for denial of a discharge under § 727(a)(4)(A). 6 Lawrence P. King et al., COLLIER ON BANKRUPTCY 727.04[1][b] (15th ed. Rev.1998) (citing *In re Fischer,* 4 B.R. 517 (Bankr. S.D.Fla. 1980)). As a result, omissions or misstatements relating to assets having little or no value may be considered immaterial. *See, e.g., In re Waddle,* 29 B.R. 100 (Bankr. W.D.Ky. 1983). Likewise, omissions or misstatements concerning property that would not be property of the estate may not meet the materiality requirement of § 727(a)(4)(A). *See, e.g., In re Swanson,* 36 B.R. 99 (9th Cir. BAP 1984). However, an omission or misstatement relating to an asset that is of little value or that would not be property of the estate is material if the omission or misstatement detrimentally affects administration of the estate.

In order to be actionable for failure to disclose, the false statement must be intentional and material. The court in *Willis* continued:

> To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must show that the debtor knowingly and fraudulently made a false oath. *Aubrey,* 111 B.R. at 274. Intent must be actual, not constructive. *In re Devers,* 759 F.2d 751, 753 (9th Cir.1985).

In this case, Plaintiffs cannot show there was any intentional deception. The most that can be shown is inattention to detail and clerical errors. The residential lease is scheduled and the income is shown on the schedules– albeit an incorrect amount. The debtor is substantially below the median income. The residential lease is listed on Schedule G. After filing, the debtor told the trustee about the tenant, who was not paying rent in any event. The lease agreement was clearly disclosed to the trustee. The lease was sent to the trustee four days after the § 341 hearing. He clearly had knowledge of the rent.

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL      - 8
SJ2 Motion+Brief.wpd

**MARC S. STERN**
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
**(206)448-7996**

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 8 of 15

4. <u>Plaintiffs Cannot Show Any Damages from Wilful and Malicious Injury.</u>

The Complaint is filled with a parade of horribles Mr. Yoo allegedly suffered because of the Defendant. All of these supposedly happened while Mr. Yoo was employed at Boeing.

Mr. Yoo's Boeing Work History clearly states that he has not been employed at Boeing since 1996; that his termination was voluntary; and that he is eligible for rehire.

Since Mr. Yoo's employment at Boeing terminated twenty-two years ago, it is impossible to claim he has been damaged by Mr. Guerin. There does not appear to be a genuine issue of material fact.

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL      - 9
SJ2 Motion+Brief.wpd

**MARC S. STERN**
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 9 of 15

CONCLUSION

Judgment on the pleadings is indicated when the Summons, Complaint, and Answer, taken as a whole, do not allow any relief. With the exception of the $1,600 in income from rental property, that was scheduled as $16.67 instead of $1600, and disclosed, there is nothing left in the case that provides the basis for a § 727 denial of discharge.

The vast majority of Plaintiffs' 11 U.S.C. § 523(a)(6) claim is wrapped up in Mr. Yoo's claim that he was fired from Boeing because of Defendant's actions. Mr. Yoo's Boeing Work History shows that he has not been employed with Boeing since 1996. It is inconceivable that the Defendant did anything that resulted in what the Boeing Work History shows as a voluntary termination by Mr. Yoo.

This Court should dismiss the remainder of the 11 U.S.C. § 727 claims and dismiss all of the 11 U.S.C. § 523 claims arising out of Mr. Yoo's termination from Boeing.

Respectfully submitted this September 12, 2018.

> /s/ Marc S. Stern
> Marc S. Stern
> WSBA 8194
> Attorney for Defendant

DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND SUMMARY
JUDGMENT OF DISMISSAL    - 10
SJ2 Motion+Brief.wpd

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

Case 18-01051-MLB    Doc 18    Filed 09/12/18    Ent. 09/12/18 16:56:32    Pg. 10 of 15



The Boeing Company
P.O. Box 516
St. Louis, MO 63166-0516

## DECLARATION OF CUSTODIAN OF RECORDS

I, **Alexis Johnson**, do hereby declare as follows:

I am employed by The Boeing Company, in the position of Employee Data Management Specialist, HR Operations, have the authority to certify that we were unsuccessful in locating the personnel files on **Hyung-Sik Harold Yoo**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed **September 4, 2018** at **St. Louis, Missouri**.

_/s/ Alexis Johnson_
**Alexis Johnson**
The Boeing Company
HR Operations / Employee Records

**EXHIBIT 1-1**



BOEING PROPRIETARY

Run Date: 08/31/2018

Rpt Id: Pii_Work_History_5_0.bqy
User Bems Id 307858

# Work History

| YOO HYUNG-SIK | Bems Id: 21397 | Entity Id: TBC 275668928 | Country: |

## Current Information

**Home Address:**
12523 55TH PL. W

MUKILTEO
Washington 98275
United States
Home Phone: 425-349-9905
Highest Degree: Bachelor of Science
Highest Major: Aerospace Engineering
Pay Rate: 44,100
Currency: USD US Dollar
Base Job Code: AS3 W Base Level: 14
Job Code: AS3 W Level: 14
Job Title: SPECIALIST ENGINEER
External Business Title
Supervisor:
Supervisor Phone:
Personnel Rep:
Personnel Rep Phone:
Work Phone: 425-294-7680

Group: BCA
Org Structure: 4FXZ
Org Level Cd:
Acctg Bus Unit Cd: BY000
Acctg Loc Cd: S
Acctg Dept Cd:
Dept Id: 6YXUA
Prog Org Structure: 4FXZ
Empl Org Function:
Empl Org SubFunction
Process Council:
Skill Team:
Sub Skillteam:
Enrolled Group
Enrolled Org Structure
Enrolled Dept Id
Enrolled Org Level C
Enrolled Org Function
Enrolled Org SubFunction
VO Registration Type:

Empl Status: TERMINATED
People Type: EMPLOYEE
F/P Time: F
Shift: 1
Union Rep Cd:
Pay Group:
Base Work Location: Everett, WA
Work Location:
Export Status: U. S. PERSON
Ethnic: Asian
Gender: M
Birth Mon/Yr: ▇▇
Birth Date: ▇▇
Security Clr Dt:
Security Clearance:
Desig Work Loc Cd:
Mail Code: 03-KA
Med Res Ind:
Legal Entity:
Military Status:

Rate Excpt Cd:
Rate Excpt End Dt:
Rate Incr Cnt: 0
Rate Incr Dt:
Rehireable Ind: Y
Rehire Elig Dt:
SalRecall Action Cd:
Temporary Recall Cd:
Technical Excellence:
Rif Cd:
Govt COI Ind:
Newhire Ind: N
Service Date: 05/20/1991
Last Hire Date: 05/20/1991
Years Service: 5
Seniority Date:
Termination Dt: 05/20/1996
Term Reason: TAF
Vacation Elig Dt
Loa Est Return Date

| Empl Stat Cd | Effdt (mm/dd/yy) | Proc Dt (mm/dd/yy) | Approved Leave End Dt | Pay Cat Cd | Full Part Time | Union Cd | Fam Grp Cd | Entity Id | Acctg BU-Loc-Dept | Orgn Struct Cd | Dept Id | Work Loc Cd | Jobcode-Level | File Mgt Cd | Skills Emer Clx Ind | Tmp Asgn Cd | Job Title | Pro Ind | Hist Pay Rate | Total Hrly Comprate | Hist Curr ncy Cd | Rate Incr Cnt | Action & Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T | 05/20/96 | 05/20/96 | | E | F | 038 | | TBC | BY000-B-YU11 | | 6YXUA | S | AS3 W-14 | | N | | SPECIALIST ENGINEER | N | 44,100.00 | | | 0 | TER-T50-Transfer to Affiliate--- RES |
| A | 03/02/96 | 05/07/96 | | E | F | 038 | | TBC | BY000-B-YU15 | | 6YXUA | S | AS3 W-14 | | N | | SPECIALIST ENGINEER | N | 44,100.00 | | | 0 | DTA-M6J-Data Miscellaneous--- |
| A | 03/02/96 | 04/25/96 | | E | F | 038 | | TBC | BY000-B-YU15 | | 6YXUA | S | AS3 W-14 | | N | | SPECIALIST ENGINEER | N | 44,100.00 | | | 0 | PAY-L8Q-Merit--- SELA |
| A | 06/02/95 | 08/17/95 | | E | F | 038 | | TBC | BY000-B-Y3NU | | 6YXUA | S | AS3 W-14 | | N | | SPECIALIST ENGINEER | N | 41,950.00 | | | 0 | DTA-M6J-Data Miscellaneous--- |

The Boeing Company has incorporated electronic HR history data from operational, subsidiary and pre-merger companies. In some instances, historical data may not be electronically available to display on this work history. If the historical electronic data source system is no longer active, the history data cannot be changed or corrected

Sourced from Enterprise People Data Warehouse

— BOEING PROPRIETARY —

**EXHIBIT 1-2**

Case 18-01051-MLB   Doc 18   Filed 09/12/18   Ent. 09/12/18 16:56:32   Pg. 12 of 15


| YOO HYUNG-SIK | | Bems Id: | 21397 | | Entity Id: | TBC | 275668928 | Country: | |

| Empl Stat Cd | Efdt (mm/dd/yy) | Proc Dt (mm/dd/yy) | Approved Leave End Dt | Pay Cat Cd | Full Part Time Cd | Union Cd | Fam Grp Cd | Entity Id | Acctg BU-Loc-Dept | Orgn Struct Cd | Dept Id | Work Loc Cd | Jobcode Level | File | Skills Mgt Cd | Tmp Emer Cls-Ind | Tmp Asgn Cd | Job Title | Pro Ind | Hist Pay Rate (999,999.99) | Total Hrly Comprate (999,999.99) | Hist Curr ncy Cd | Rate Inc Cd | Action & Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 06/02/95 | 08/17/95 | | E | F | 038 | | TBC | BY000-B-Y3NU | | 6YXUA | S | AS3 W-14 | | | N | | SPECIALIST ENGINEER | Y-7 | 41,950.00 | | | 0 | JRC-L2K-Job Reclassification— MR  UPGR |
| A | 01/17/95 | 01/18/95 | | E | F | 038 | | TBC | BY000-B-Y3NU | | 6YXUA | S | AS3 W-12 | | | N | | SENIOR ENGINEER | N | 40,900.00 | | | 0 | DTA-M9A-Data Miscellaneous— |
| A | 12/02/94 | 01/06/95 | | E | F | 038 | | TBC | BY000-B-Y73R | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 40,900.00 | | | 0 | DTA-M6J-Data Miscellaneous— |
| A | 12/02/94 | 01/06/95 | | E | F | 038 | | TBC | BY000-B-Y73R | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 40,900.00 | | | 0 | PAY-L8Q-Merit— SELA |
| A | 06/07/94 | 06/07/94 | | E | F | 038 | | TBC | BY000-B-Y73R | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 39,500.00 | | | 0 | DTA-M6L-Data Miscellaneous— |
| A | 06/02/94 | 06/24/94 | | E | F | 038 | | TBC | BY000-B-Y73R | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 39,500.00 | | | 0 | DTA-M6J-Data Miscellaneous— |
| A | 06/02/94 | 06/24/94 | | E | F | 038 | | TBC | BY000-B-Y73R | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 39,500.00 | | | 0 | PAY-L8Q-Merit— SELA |
| A | 12/02/93 | 01/21/94 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 39,000.00 | | | 0 | DTA-M6J-Data Miscellaneous— |
| A | 12/02/93 | 01/20/94 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 39,000.00 | | | 0 | PAY-L8Q-Merit— SELA |
| A | 09/10/93 | 09/09/93 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M8A-Data Miscellaneous— WN |
| A | 09/03/93 | 09/02/93 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M8E-PT/FT Schedule— RN |
| A | 07/23/93 | 07/22/93 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M8A-Data Miscellaneous— WN |
| A | 06/02/93 | 07/15/93 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M6J-Data Miscellaneous— |
| A | 05/16/93 | 03/09/94 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M6L-Data Miscellaneous— |
| A | 12/02/92 | 03/08/93 | | E | F | 038 | | TBC | BY000-B-Y3TU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | DTA-M6J-Data Miscellaneous— |

The Boeing Company has incorporated electronic HR history data from operational, subsidiary and pre-merger companies. In some instances, historical data may not be electronically available to display on this work history. If the historical electronic data source system is no longer active, the history data cannot be changed or corrected

Sourced from Enterprise People Data Warehouse

— BOEING PROPRIETARY —

**EXHIBIT 1-3**



# Work History

| Name | Bems Id: | Entity Id: | | Country: |
|---|---|---|---|---|
| YOO HYUNG-SIK | 21397 | TBC | 275668928 | |

| Empl Stat Cd | Efdt (mm/dd/yy) | Proc Dt (mm/dd/yy) | Approved Leave End Dt | Pay Cat Cd | Full Part Time Cd | Union Cd | Fam Grp Cd | Entity Id | Acctg BU-Loc-Dept | Orgn Struct Cd | Dept Id | Work Loc Cd | Jobcode-Level | Fls | Skills Mgt Cd | Tmp Emp Cls Ind | Tmp Asgn Cd | Job Title | Pro Ind | Hist Pay Rate (999,999.99) | Total Hrly Comprate (999,999.99) | Hist Curre ncy Cd | Rate iner Crit | Action & Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 12/02/92 | 03/11/93 | | E | F | 038 | | TBC | BY000-B-Y3TU | | 6YXRE | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 38,000.00 | | | 0 | PAY-L8Q-Merit---SELA |
| A | 06/02/92 | 06/23/92 | | E | F | 038 | | TBC | BY000-B-Y3TU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 37,000.00 | | | 0 | DTA-M6J-Data Miscellaneous--- |
| A | 06/02/92 | 06/23/92 | | E | F | 038 | | TBC | BY000-B-Y3TU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 37,000.00 | | | 0 | PAY-L8Q-Merit---SELA |
| A | 05/12/92 | 03/09/94 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M6L-Data Miscellaneous--- |
| A | 12/02/91 | 12/11/91 | | E | F | 038 | | TBC | BY000-B-Y7KU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M6J-Data Miscellaneous--- |
| A | 06/02/91 | 06/21/91 | | E | F | 038 | | TBC | BY000-B-Y7AU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M6J-Data Miscellaneous--- |
| A | 05/20/91 | 05/20/91 | | E | F | 038 | | TBC | BY000-B-Y7AU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M6M-Data Miscellaneous--- |
| A | 05/20/91 | 05/20/91 | | E | F | 038 | | TBC | BY000-B-Y7AU | | 6YXUA | S | AS4 W-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M9A-Data Miscellaneous--- |
| A | 05/20/91 | 05/20/91 | | E | F | 038 | | TBC | BY000-B-Y7AU | | 6YXUA | S | W12-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | DTA-M6S-PT/FT Schedule--- RN |
| A | 05/20/91 | 05/20/91 | | E | F | 038 | | TBC | BY000-B-Y7AU | | 6YXUA | S | W12-12 | | | N | | SENIOR ENGINEER | N | 36,500.00 | | | 0 | HIR-J0A-New---NEW |
| T | 09/14/90 | 09/14/90 | | E | | | | CA | MDX | CA-01-01XN | CLLNC01 XN | CA018 | 0716-N55 | | | | | ENG/SCI | N | 663.00 | | | 0 | TER-T300-Reduction in Work Force---02-- |
| A | 07/16/90 | 07/16/90 | | E | | | | CA | MDX | CA-01-01XN | CLLTP01 XN | CA018 | 0716-N55 | | | | | ENG/SCI | N | 663.00 | | | 0 | WLC-S200-RIF-Working---02-- |
| A | 06/25/90 | 06/25/90 | | E | | | | CA | MDX | CA-01-01XN | CLLTP01 XN | CA018 | 0716-N55 | | | | | ENG/SCI | N | 663.00 | | | 0 | DTA-B100-Benefits---02-- |
| A | 03/05/90 | 03/26/90 | | E | | | | CA | MDX | CA-01-01XN | CLLTP01 XN | CA018 | 0716-N55 | | | | | ENG/SCI | Y-7 | 663.00 | | | 0 | PAY-R100-Merit---02-- |
| A | 02/26/90 | 02/26/90 | | E | | | | CA | MDX | CA-01-01XN | CLLTP01 XN | CA018 | 0716-N05 | | | | | ENG/SCI | N | 639.00 | | | 0 | XFR-G101-Work Needs Assignment---02-- |
| A | 08/28/89 | 08/28/89 | | E | | | | CA | MDX | CA-01-0ELF | CLLTP0E LF | CA018 | 0716-N05 | | | | | ENG/SCI | N | 639.00 | | | 0 | XFR-G101-Work Needs Assignment---02-- |
| A | 03/13/89 | 03/13/89 | | E | | | | CA | MDX | CA-01-0E41 | CE 0E41 | CA018 | 0716-N05 | | | | | ENG/SCI | N | 639.00 | | | 0 | DTA-B100-Benefits---02-- |

The Boeing Company has incorporated electronic HR history data from operational, subsidiary and pre-merger companies. In some instances, historical data may not be electronically available to display on this work history. If the historical electronic data source system is no longer active, the history data cannot be changed or corrected

Sourced from Enterprise People Data Warehouse     — BOEING PROPRIETARY —

**EXHIBIT 1-4**



Rpt Id: Pii_Work_History_5_0.bqy
User Bems Id  307858

— BOEING PROPRIETARY —

# Work History

Run Date: 08/31/2018

| YOO HYUNG-SIK | | | Bems Id: | 21397 | | | | Entity Id: | TBC | 275668928 | | Country: | |

| Empl Stat Cd | Effdt (mm/dd/yy) | Proc Dt (mm/dd/yy) | Approved Leave End Dt | Pay Cat Cd | Full Part Time Cd | Union Cd | Fam Grp Cd | Entity Id | Acctg BU-Loc-Dept | Orgn Struct Cd | Dept Id | Work Loc Cd | Jobcode-Level | Fln | Skills Mgt Cd | Tmp Emer Cls Ind | Tmp Asgn Cd | Job Title | Pro Ind | Hist Pay Rate (999,999.99) | Total Hrly Comprate (999,999.99) | Hist Currency Cd | Rate Incr Cnt | Action & Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 03/06/89 | 03/06/89 | | E | | CA | | MDX | CA-01-0E41 | | CE 0E41 | CA018 | 0716- N05 | | | | | ENG/SCI | N | 639.00 | | | 0 | XFR-G101-Work Needs Assignment----02- - |
| A | 12/05/88 | 12/05/88 | | E | | CA | | MDX | CA-01-0E86 | | CE 0E86 | CA018 | 0716- N05 | | | | | ENG/SCI | N | 639.00 | | | 0 | PAY-R100-Merit----02- - |
| A | 12/07/87 | 12/07/87 | | E | | CA | | MDX | CA-01-0E86 | | CE 0E86 | CA018 | 0715- N05 | | | | | ENG/SCI | N | 602.00 | | | 0 | PAY-R100-Merit----02- - |
| A | 11/02/87 | 11/02/87 | | E | | CA | | MDX | CA-01-0E86 | | CE 0E85 | CA018 | 0716- N05 | | | | | ENG/SCI | N | 576.00 | | | 0 | XFR-G101-Work Needs Assignment----02- - |
| A | 12/01/86 | 02/23/87 | | E | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0716- N05 | | | | | ENG/SCI | N | 576.00 | | | 0 | PAY-R100-Merit----02- - |
| A | 06/23/86 | 06/23/86 | | E | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0716- N05 | | | | | ENG/SCI | Y-5 | 550.00 | | | 0 | PRO-P211-Bid Procedure/Skills/Qualfctns----02- - |
| A | 12/02/85 | 12/02/85 | | X | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0715- N02 | | | | | ASSOC ENG/SCI | N | 535.00 | | | 0 | PAY-R100-Merit----02- - |
| A | 06/03/85 | 06/03/85 | | X | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0715- N02 | | | | | ASSOC ENG/SCI | N | 507.00 | | | 0 | XFR-G101-Work Needs Assignment----02- - |
| A | 12/03/84 | 12/03/84 | | X | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0715- N02 | | | | | ASSOC ENG/SCI | N | 507.00 | | | 0 | PAY-R100-Merit----02- - |
| A | 06/04/84 | 06/04/84 | | X | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0715- N02 | | | | | ASSOC ENG/SCI | N | 485.00 | | | 0 | XFR-G101-Work Needs Assignment----02- - |
| A | 06/04/84 | 06/04/84 | | X | | CA | | MDX | CA-01-0E84 | | CE 0E84 | CA018 | 0715- N02 | | | | | ASSOC ENG/SCI | N | 485.00 | | | 0 | HIR-A100-New----02- - |

The Boeing Company has incorporated electronic HR history data from operational, subsidiary and pre-merger companies. In some instances, historical data may not be electronically available to display on this work history. If the historical electronic data source system is no longer active, the history data cannot be changed or corrected

Sourced from Enterprise People Data Warehouse

— BOEING PROPRIETARY —

**EXHIBIT 1-5**